ASHLEY GANDY,

          Plaintiff,

   v.                             Case No. 25-cv-1925-pp

CHRISTOPHER SCHMALING, *et al.*,

          Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 4), DENYING PLAINTIFF'S MOTION FOR INJUNCTION (DKT. NO. 5), DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 9) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Ashley Gandy, who is incarcerated at Racine Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision screens his complaint, dkt. no. 1, resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, his motion to appoint counsel, dkt. no. 4, his motion for injunction, dkt. no. 5, and his motion to amend the complaint, dkt. no. 9.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds

exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On December 17, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $5.45. Dkt. No. 7. The court received that fee on December 30, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II.     Screening the Complaint

### A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to

2

relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The plaintiff sues Racine County Sheriff Christopher Schmaling, Nurse/HSU Supervisor John or Jane Doe, Kitchen/Food Service Supervisor John or Jane Doe, the Racine County Jail and "Health Care Company (unknown)". Dkt. No. 1 at 1. The plaintiff alleges that on May 12, 2025, he was transported from a mental health facility to the Racine County Jail for court. Id. at 3. He says that his prescribed medications and medical restrictions

3

Case 2:25-cv-01925-PP    Filed 05/22/26    Page 3 of 18    Document 12

accompanied him. Id. From May 12 through May 18, 2025, the jail's nursing staff allegedly refused to administer the plaintiff his prescribed antipsychotic medications and steroid inhaler. Id. He alleges that the nursing staff refused to provide the medications "in an effort to provoke/induce a psychotic episode/relapse of schizophrenic symptoms in [the plaintiff] so he would be debilitated cognitively thus they can more easily manufacture a conviction of a mentally disabled person." Id.

The plaintiff also alleges that while at the jail from May 12 through May 18, 2025, the kitchen/food service supervisor, nurse HSU supervisor and Sheriff Schmaling (whom he alleges is vicariously responsible for the actions of the supervisors) refused to provide the plaintiff his prescribed "no soy" diet despite having medical documents that said the plaintiff required the diet. Id. at 4. The defendants allegedly refused to provide the diet "in an effort to starve [the plaintiff] and also incite him to become combative[.]" Id.

The plaintiff claims that the defendants' actions violated his Eighth Amendment rights and his rights under the Americans with Disabilities Act and the Rehabilitation Act. Id. For relief, he seeks monetary damages. Id.

C.     Analysis

The plaintiff cannot sue the Racine County Jail under §1983. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Racine County Jail is not a person—it is not an individual subject to suit under §1983. It is true that under some circumstances, a municipality—which is not a person—may be sued under

4

§1983. See Monell v. Dep't of Social Serv's of City of New York, 436 U.S. 658 (1978). But Federal Rule of Civil Procedure 17(b) says that a defendant in a federal lawsuit must have the legal capacity to be sued. State law determines whether an entity has that capacity. Webb v. Franklin Cnty. Jail, Case No. 16-cv-1284, 2017 WL 914736 at *2 (S.D. Ill. Mar. 8, 2017). In Wisconsin, the jail is an arm of the sheriff's department. Under Wisconsin law, the sheriff's department is an arm of the County. See Abraham v. Piechowski, 13 F. Supp. 2d 870, 877-79 (E.D. Wis. 1998). This means that neither the jail nor the sheriff's department are "legal entit[ies] separable from the county government which [they] serve[] . . . ." Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004)). Because the Racine County Jail does not have the capacity to be sued, the court will dismiss it as a defendant.

Turning to the plaintiff's substantive claims: A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. Cesal v. Moats, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." Id. at 721 (quoting Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)). An objectively serious medical need is one that either has been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id.

5

(quoting <u>King v. Kramer</u>, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the incarcerated individual's health. <u>Id.</u> (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 836-38 (1994); <u>Greeno v. Daley</u>, 414 F.3d 645, 653 (7th Cir. 2005)).

The plaintiff's allegations that jail staff purposefully denied him his medication and medical diet while at the jail implicate his constitutional rights. He may proceed on Eighth Amendment claims against the John/Jane Doe nurse/HSU supervisor and the John/Jane Doe kitchen/food service supervisor in their individual capacities.

To state a claim under Title II of the Americans with Disabilities Act (ADA), the plaintiff's allegations must suggest that he is a "'qualified individual with a disability' who was 'denied the benefits of the services, programs, or activities' from the prison 'by reason of such disability.'" <u>Shaw v. Kemper</u>, 52 F.4th 331, 334 (7th Cir. 2022) (quoting 42 U.S.C. §12132). The ADA also requires prisons to make reasonable modifications to its policies or practices to avoid denying the plaintiff a service on account of his disability. <u>Id.</u> (citing 28 C.F.R. §35.130(b)(7) and <u>Lacy v. Cook County</u>, 897 F.3d 847, 853 (7th Cir. 2018) (explaining that Title II's reasonable modification requirement parallels Title I and III's reasonable accommodation mandate)). The Rehabilitation Act (RA) states that "no 'qualified individual with a disability' shall 'be denied the benefits of . . . any program' 'solely by reason of her or his disability.'" <u>Id.</u> (quoting 29 U.S.C. §794(a)). The RA "requires reasonable modifications of the

6

prison's policies or practices to avoid discrimination." Id. (citing 28 C.F.R. §41.53). The ADA and RA are "functionally identical." Wagoner v. Lemmon, 778 F.3d 586, 592 (7th Cir. 2015); see also Jaros v. Ill. Dep't of Corr., 684 F.3d 667, 671-72 (7th Cir. 2012) (comparing the acts).

The plaintiff has not stated a claim under either the ADA or the RA. He has not alleged that he was denied services at the jail because of his disability, nor has he alleged that he suffered discrimination based on his disability. The plaintiff may not proceed under the ADA or the RA.

The plaintiff cannot proceed against defendant Health Care Company. It appears that the only reason the plaintiff named Health Care Company as a defendant is because it is the employer of the Doe nurse/HSU supervisor. Under §1983, a plaintiff cannot hold one person liable for the misconduct of another, and cannot sue a private corporate employer for the misconduct of employees unless the plaintiff can show "that his injury was caused by a [corporate] policy, custom, or practice of deliberate indifference to serious medical needs, or a series of bad acts that together raise the inference of such a policy." Shields v. Ill. Dep't of Corr., 746 F.3d 782, 796 (7th Cir. 2014). The plaintiff has not alleged that Health Care Company had such a policy, custom or practice, nor has he alleged a pattern of bad acts raising the inference of such a policy. The court will dismiss defendant Health Care Company.

Finally, the plaintiff cannot proceed against Racine County Sheriff Christopher Schmaling. The plaintiff has not alleged that Schmaling had any personal involvement in the events described in the complaint. Nor has he

7

alleged that the denial of his medication and medical diet was the result of a jail policy or custom. Schmaling cannot be held liable solely on the basis that he oversees the jail. See Rasho v. Elyea, 856 F.3d 469, 478 (7th Cir. 2017); Iqbal, 556 U.S. at 676.

In summary, the plaintiff may proceed on an Eighth Amendment claim against John/Jane Doe nurse/HSU supervisor for allegedly denying him his antipsychotic medications and steroid inhaler from May 12 through May 18, 2025. The plaintiff also may proceed on an Eighth Amendment claim against John/Jane Doe nurse/HSU supervisor and John/Jane Doe kitchen/food service supervisor for allegedly denying him his prescribed, no-soy diet from May 12 through May 18, 2025 at the Racine County Jail.

The court has concluded that the plaintiff has not stated a claim against Racine County Sheriff Christoper Schmaling. But because the plaintiff does not know the real names of the Doe defendants he has sued, the court will retain Sheriff Schmaling as a defendant for the limited purpose of helping the plaintiff identify the names of the defendants. See Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 556 (7th Cir. 1996). Sheriff Schmaling should not respond to the complaint. After Sheriff Schmaling's attorney files an appearance in the case, the plaintiff may serve limited discovery on Sheriff Schmaling (by mailing it to Sheriff Schmaling's attorney at the address in his notice of appearance) and ask for information that will help him identify the names of the Doe defendants.

For example, the plaintiff may serve Sheriff Schmaling's attorney with interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Fed. R. Civ. P. 34. Because the plaintiff has not stated a claim against Sheriff Schmaling, his discovery requests must be limited to information or documents that will help him learn the real names of the Doe defendants he has sued. The plaintiff must not ask Sheriff Schmaling about any other topic, and Sheriff Schmaling is under no obligation to respond to requests about any other topic.

After the plaintiff learns the names of the people whom he alleges violated his constitutional rights, he must file a motion asking the court to substitute their names for the Doe placeholders. Once the plaintiff identifies the defendants' names, the court will dismiss Sheriff Schmaling as a defendant. After the defendants have an opportunity to respond to the plaintiff's complaint, the court will set a deadline for discovery relating to the plaintiff's claims. At that point, the plaintiff may use discovery to get the information he believes he needs to prove his claims.

The plaintiff must identify the names of the Doe defendants within sixty days of Sheriff Schmaling's attorney filing his/her notice of appearance. If, within those sixty days, the plaintiff does not either identify the Doe defendants or explain to the court why he is unable to do so, the court may dismiss the plaintiff's case based on his failure to diligently pursue it. See Civil Local Rule 41(c) (E.D. Wis.).

9

### III.  Plaintiff's Motion to Appoint Counsel (Dkt. No. 4)

The plaintiff has filed a motion to appoint counsel. Dkt. No. 4. He states that he is indigent and that he has contacted several law firms to try to find a lawyer. Id. at 1. The plaintiff says that because of his schizophrenia he is unable to be productive and that he is heavily sedated from his prescribed medication (Olanzapine). Id. The plaintiff says that his case involves complex medical issues and that he lacks technical knowledge about these issues. Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with the lawyers' names, their addresses, how and when the plaintiff attempted to contact each lawyer and the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the

case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

Along with his motion, the plaintiff included three letters he wrote to lawyers to try to find counsel on his own. The court finds that the plaintiff has made a reasonable attempt to find a lawyer. But although the plaintiff says that his mental illness prevents him from representing himself, his filings are clear and persuasive and demonstrate that he can advocate for himself and communicate well. The plaintiff's claims are not complex. They involve incidents that he has described in the complaint and of which he has personal knowledge. At this stage, the plaintiff needs only to identify the Doe defendants. This order instructs him on how to do that. The plaintiff's filings show that he is capable of serving discovery on Sheriff Schmaling to identify the Doe defendants. The court will deny without prejudice his motion to appoint counsel, which means that if, later on, the case becomes too complicated for the plaintiff to handle himself, he may renew his request for appointment of counsel.

**IV.    Plaintiff's Motion for Preliminary Injunction (Dkt. No. 5)**

The plaintiff moves for a preliminary injunction ordering the Racine County Jail to provide him his schizophrenic medication, a diet consistent with his soy allergy and a lower bunk when he is confined at the jail. Dkt. No. 5 at 4. The plaintiff currently is not at the Racine County Jail.

The Supreme Court has characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the

plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). To obtain a preliminary injunction, a plaintiff must show that: (1) plaintiff has some likelihood of success on the merits; (2) traditional legal remedies would be inadequate; and (3) plaintiff will likely suffer irreparable harm in the absence of preliminary relief. Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020). "If a plaintiff makes such a showing, the court proceeds to a balancing analysis, where the court must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." Mays, 974 F.3d at 818 (citing Courthouse News Serv. v. Brown, 908 F.3d 1063, 1068 (7th Cir. 2018)). The balancing analysis involves a "'sliding scale' approach: the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." Mays, 974 F.3d at 818 (citing Ty, Inc. v. Jones Grp., Inc., 237 F.3d 891, 895 (7th Cir. 2001)).

In the context of litigation by incarcerated individuals, the scope of the court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). See Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); see also Westefer, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in

13

cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)).

The plaintiff cannot obtain injunctive relief because he no longer is confined at the jail and he has not established that it is likely that he will be confined there again in the future. Maddox v. Love, 655 F.3d 709, 716 (7th Cir. 2011) (injunctive relief moot because plaintiff transferred to different facility and no indication of "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains"); see also Ortiz v. Downey, 561 F.3d 664, 668 (7th Cir. 2009). The court will deny the plaintiff's motion for injunctive relief.

## V. Plaintiff's Motion to Amend (Dkt. No. 9)

The plaintiff asked the court to allow him to amend the complaint to add a deliberate indifference claim based on the defendants' allegedly ignoring or "being impartial to" his serious medical condition. Dkt. No. 9. But the plaintiff's Eighth Amendment claim already includes allegations that the defendants were deliberately indifferent, because "deliberate indifference" is part of an Eighth Amendment claim. It is not necessary for the plaintiff to amend the complaint to add a "deliberate indifference" claim. The court will deny his motion to amend as unnecessary.

## VI. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 4.

The court **DENIES** the plaintiff's motion for temporary/permanent injunction. Dkt. No. 5.

The court **DENIES AS UNNECESSARY** the plaintiff's motion for leave to file amended complaint. Dkt. No. 9.

The court **DISMISSES** defendants Racine County Jail and Health Care Company.

The court **ORDERS** that Racine County Sheriff Christopher Schmaling shall remain as a defendant for the limited purpose of helping the plaintiff identify the defendants' names.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendant Racine County Sheriff Christopher Schmaling under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

15

The court **ORDERS** that Sheriff Schmaling should not respond to the complaint; however, he shall respond to discovery requests that the plaintiff serves in an effort to identify the defendants' names. Sheriff Schmaling does not have to respond to discovery requests about any other topic.

The court **ORDERS** that the plaintiff must identify the defendants' names **within sixty days of Sheriff Schmaling's attorney filing a notice of appearance in this case**. If, within that sixty-day period, the plaintiff does not either identify the defendants' names or explain to the court why he is unable to do so, the court may dismiss this case based on his failure to diligently prosecute it.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$332.38** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Racine Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 22nd day of May, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**