UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ASHLEY GANDY,

Plaintiff,

v. Case No. 25-cv-1925-pp

ENID TROMAN, *et al.*,

Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 32) AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 36)**

---

Plaintiff Ashley Gandy, who is incarcerated at the Wisconsin Resource Center and is representing himself, filed this case alleging that the defendants violated his constitutional rights when he was confined at the Racine County Jail. The plaintiff alleges that between May 12 and May 18, 2025, the jail's nursing staff refused to administer his prescribed antipsychotic medication and steroid inhaler. Dkt. No. 12 at 3-4; Dkt. No. 1 at 3. The plaintiff also alleges that during the same week, the jail's kitchen/food service supervisor and nurse HSU supervisor refused to provide him his prescribed "no soy" diet despite having medical documents that said he required the diet. Dkt. No. 12 at 4; Dkt. No. 1 at 4. The plaintiff has filed a motion to appoint counsel, dkt. no. 32, and motion for reconsideration of the court's May 22, 2026 order denying his motion for temporary/permanent injunction, dkt. no. 36.

## I. Motion to Appoint Counsel (Dkt. No. 32)

In his motion to appoint counsel, the plaintiff states that he cannot afford a lawyer. Dkt. No. 32. He explains that he is severely mentally ill, has been diagnosed as schizophrenic and cannot fully comprehend the law and follow court rules. Id. He asserts that the issues involved in this case are complex and that he has extremely limited access to the law library where he consults with "random jailhouse lawyers." Id. The plaintiff states that he has contacted three lawyers, and he provides the names of these lawyers. Id. He asks that the court appoint him a lawyer at least for the limited purpose of discovery. Id. The plaintiff filed a declaration and a brief in support of his motion. Dkt. Nos. 34, 35.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey,

987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's

literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has satisfied the first requirement for appointment of counsel because he has demonstrated that he made a reasonable attempt to find a lawyer on his own. The plaintiff recently transferred from Racine Correctional Institution to the Wisconsin Resource Center, which is where he was incarcerated when he filed his complaint. The plaintiff has filed a detailed complaint which describes the events for which he requests relief. He did not know the names of all the defendants when he filed the complaint, and he since has used discovery to identify most of their names. Dkt. No. 19. The plaintiff's claims, which involve a short period of time at the Racine County Jail, are not very complex. The plaintiff has firsthand knowledge of those events and, as stated above, he described them in detail in his complaint. The plaintiff's filings show that he can represent himself at this stage of the case, by conducting discovery and responding to a motion for summary judgment if the defendants file one.

The deadline for the plaintiff to identify the remaining Doe defendants is December 23, 2026, and the deadline for the parties to complete discovery is March 12, 2027. Dkt. No. 30. As explained in the court's scheduling order, the

plaintiff should submit his discovery requests directly to the defendants' lawyer. It is not clear whether jailhouse lawyers have helped the plaintiff with some or all his filings in this case so far. But based on the plaintiff's case filings and the nature of his claims, the court believes that he can proceed on his own at this time. If the plaintiff needs more time to identify the Doe defendants or to conduct discovery, he may file a motion for extension of time (before the applicable deadline passes). The court will deny without prejudice the plaintiff's motion to appoint counsel.

## II. Motion for Reconsideration (Dkt. No. 36)

The plaintiff asks the court to reconsider its prior decision denying his motion for a temporary and permanent injunction. Dkt. No. 36 at 1. The plaintiff states that the court based its decision on the plaintiff's failure to document that he would return to the Racine County Jail. Id. He says he stated in his motion that the incident described in the complaint took place while he was at the jail on a writ "which impl[ies] that he was/is continuously being transported back and forth from prison to the Racine Co. Jail[.]" Id. The plaintiff asserts that if the court does not grant a permanent injunction, he will be subjected to further harm when he returns to the jail for his ongoing criminal cases. Id. at 1-2. The plaintiff states that since he filed this lawsuit, he returned to the jail and was subjected to harsh treatment that included not receiving a meal tray for twelve hours. Id. at 2. He asserts that he was chained to a wall from 8:30 a.m. to 9:00 p.m. before he was provided with a cell and

bed. Id. The plaintiff says that he did not eat the meal tray that jail staff offered him nor did he accept medication because he was afraid it was poisoned. Id.

Federal Rule of Civil Procedure 54(b) allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Fed. R. Civ. P. 54(b); Galvan v. Norberg, 678 F.3d 581, 587 n.3 (7th Cir. 2012) (stating "Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of final judgment"). "The 'standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b).'" Cheese Depot, Inc. v. Sirob Imports, Inc., Case No. 14-C-1727, 2019 WL 1505399 at *1 (N.D. Ill. Apr. 5, 2019) (quoting Morningware, Inc. v. Hearthware Home Prods., Inc., Case No. 09-C-4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011)).

Motions for reconsideration serve a very limited purpose in federal civil litigation: "to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (quoting Keene Corp. v. Int'l Fidelity Ins. Co., 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), aff'd 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Such motions are disfavored and should be 'rare.'" Acantha LLC v. DePuy

Orthopaedics Inc., Case No. 15-C-1257, 2018 WL 2290715, at *1 (E.D. Wis. May 19, 2018) (quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)).

On May 22, 2026, the court denied the plaintiff's motion for a preliminary injunction ordering the Racine County Jail to provide him with his schizophrenic medication, a diet consistent with his soy allergy and a lower bunk when he is confined at the jail. Dkt. No. 12 at 12-14. The court denied the motion because the plaintiff no longer was confined at the jail when he filed the motion and he did not establish that he would likely be confined there again in the future. Id. at 14. The plaintiff has not shown that the court erred in denying his motion. Although the plaintiff states that he was confined at the jail one time since he filed this lawsuit (almost eleven months ago) and that he declined a meal and medication while there, he no longer is at the jail. The court cannot provide the plaintiff with the relief he seeks. The court will deny his motion for reconsideration.

## III. Conclusion

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 32.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 36.

Dated in Milwaukee, Wisconsin this 9th day of November, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**